# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|   |   |
|---|---|
| DUSTIN ALLEN,<br>    Plaintiff,<br>v.<br>MERCY, INC.,<br>    Defendant. | Case No.: 2:24-cv-01193-GMN-NJK<br>**Order**<br>[Docket No. 36] |

Pending before the Court is the parties' stipulation to extend the dispositive motion deadline by 30 days. Docket No. 36. As the parties seek to conduct depositions after the discovery cutoff period, *see id.* at 1, the Court properly construes this as a stipulation to reopen discovery.

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's

---

[1] Such a request is also governed by Local Rule 26-3.

> ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[2]  Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  This showing of diligence is measured by the parties' conduct during the entirety of the period of time already allowed.  *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015) (collecting cases).  That parties waited until the last minute to conduct discovery and have run into obstacles in timely completing that discovery is not good cause to extend deadlines.  *See id*.  When diligence has not been shown in support of an extension request, "the inquiry should end."  *Johnson*, 975 F.2d at 609.

When a request for relief from a case management deadline is filed after the subject deadline has expired, an additional showing of excusable neglect must be made.  *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3.  The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Branch Banking*, 871 F.3d at 765.

---

[2] The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, such as those related to briefing schedules.  *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule).  Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases.  *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

The parties submit that they do not seek an extension of discovery. Docket No. 36 at 1. Rather, "the [p]arties agree to close discovery on February 18, 2025, for all purposes, apart from the five [] outstanding depositions, which the [p]arties agree to complete post-discovery." *Id*. The parties seek a 30-day extension of the dispositive motion deadline to allow "the [p]arties to set the depositions around their respective schedules."[3] *Id*.

The parties submit that Plaintiff scheduled the deposition of Joseph Cucinello within the discovery period, but that it had to be vacated due to Plaintiff's counsel being ill.[4] *Id*. at 3, n2. The parties do not explain why the other depositions could not have been taken during the discovery period. Further, the parties fail to mention, let alone address, the standard to reopen discovery.

Nonetheless, <u>as a one-time courtesy</u>, the Court will allow a 30-day extension. This is a firm discovery cutoff, so the parties fail at their own peril to get discovery completed by the cutoff set below. *See, e.g.*, *Cornwell*, 439 F.3d at 1027. The discovery deadline is reopened and extended to March 18, 2025. All discovery must be completed by that date. Dispositive motions must be filed by April 17, 2025. The joint pretrial order must be filed by May 19, 2025, 30 days after resolution of dispositive motions, or by further order of the Court.

Accordingly, the stipulation to extend is **GRANTED**. Docket No. 36.

IT IS SO ORDERED.

Dated: February 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The parties do not seek just an extension of the dispositive motion deadline. *See* Docket No. 36 at 3-4.

[4] The parties also submit that they need additional time to take Eric Knowles' deposition, Docket No. 36 at 3, but Mr. Knowles' deposition was scheduled for February 17, 2025, *id*. at 2.

3